HUNT *v.* GUARD.

ERROR to the *Dearborn* Circuit Court.

DAVISON, J.—*Guard* sued *Hunt* in assumpsit before a justice of the peace. The following account and agreement were filed, as the cause of action:

"*Jesse Hunt* to *David Guard*, Dr. To dividend on 20 shares of bank stock of the *Lawrenceburgh* branch of the state bank of *Indiana*, transferred to *Hunt* on the 2d of

October, 1841,............................... $27 60
" Interest thereon from the 1st of *November*, 1841, 12 50

$40 10

" We, the undersigned, agree to take stock in the *Lawrenceburgh* bank, now owned by *David Guard*, provided 10,000 dollars are taken, to the amount set opposite our names; the same to be taken at 50 dollars per share; the purchaser receiving the dividend from the day of sale; the payment to be made by assuming *Guard's* debt in the bank on accommodation paper to the amount of the stock taken. [Signed] *A. P. Hubbs*, 20 shares, $1,000. *Jesse Hunt*, 20 shares, $1,000. *J. S. Ferris*, 20 shares, $1,000. *H. K. Hobbs*, 20 shares, $1,000. *John Callahan, Lewis, Comegys, John Wymond, D. S. Major.*" The justice gave judgment for *Guard*. *Hunt* appealed.

In the Circuit Court, *Hunt*, by leave, &c., filed two pleas: 1. Non assumpsit. 2. Non assumpsit within six years. Replication in denial of the second plea. The Court tried the issues, and found for the plaintiff below. Motion for a new trial overruled, and judgment on the finding of the Court.

The facts of this case, as they appear by the evidence, are these: *Guard* being largely indebted to the branch bank at *Lawrenceburgh*, the directors of that branch passed a resolution, wherein they proposed to take certain stock held by him in the bank, in trust, to sell and apply the proceeds thereof to the discharge of his indebtment. The agreement above recited was gotten up by the bank, in order to ascertain what amount of his stock could be disposed of. After this *Hunt* bought twenty shares of *Guard's* stock. The time of the purchase is not shown; but the shares were on the 2d of *October*, 1841, transferred to him on the books of the bank. The evidence tends to show that by the terms of *Hunt's* purchase, he was to receive dividends only from the day the stock was transferred. On the 31st of *October*, 1841, a dividend of 34 dollars and 50 cents was declared on said stock, the whole of which was on that day paid to *Hunt*, though five-sixths of it had

accrued prior to the date of the transfer on the books. At the time he received the 34 dollars and 50 cents, it was suggested to him, that that part of the dividends which had accrued before the 2d of *October*, 1841, belonged to *Guard;* to which he replied that he had an account against *Guard.* The amount which accrued prior to the last-named date, was 27 dollars and 60 cents. That sum, with interest, constitutes the demand in suit.

The dividends sued for were drawn by *Hunt* on the 31st of *October*, 1841. The present suit was commenced on the 20th of *June*, 1849. It follows that *Guard's* claim was barred by the statute of limitations, unless that conclusion is avoided by the agreement filed as part of the cause of action. It will not serve that purpose. To say that the agreement should avoid the statute in this case, would be equivalent to saying that it was the foundation of the action. This can not be, because it contains no contract between the parties. And, moreover, the instrument itself shows that it never became a contract. The engagements to take stock do not appear to be over 4,000 dollars, when the agreement, in effect, provides that the subscribers were not to be bound unless 10,000 dollars of stock was taken. Therefore, upon it no suit can be maintained.

No doubt *Hunt* received *Guard's* money, and could have been held liable upon an implied promise to refund it, had a remedy been pursued within the time limited by the statute. But that limit had passed when this suit was brought. The judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*E. Dumont* and *W. S. Holman*, for the plaintiff.

*D. S. Major* and *A. Brower*, for the defendant.